## ORIGINAL

1 | **GRAYSON LAW, PLLC**
Jeffrey L. Grayson, Esq. (No. 027470)
2 | P.O. Box 15
Chandler, Arizona 85244
3 | Telephone: (480)330-5734
Facsimile: (480) 535-7641
4 |
Attorneys for Plaintiffs
5 |

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DWYN CARTER, individually, | Case No. **CV2019-094727** |
| Plaintiff, | **SUMMONS** |
| v. | (Assigned to the Hon. _____) |
| THE HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, a Foreign Corporation; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X, and XYZ PARTNERSHIPS I-X, | If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

THE STATE OF ARIZONA TO THE DEFENDANTS:

THE HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT
Statutory Service Agent: Corporation Service Company
8825 N. 23rd Avenue, Suite 100
Phoenix, AZ 85021

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this court. If served within Arizona, you must appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of receipt by the party being served. Service by publication is complete thirty (30)

1  days after the date of first publication.  Direct service is complete when made. ARCP 4, 4.1, 4.2

2  and 12(a).

3       Copies of the pleadings filed herein may be obtained by contacting the Clerk of the

4  Maricopa County Superior Court, 201 West Jefferson, Phoenix, Arizona. ARCP 4.1(n) (Service

5  by Publication)

6       YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within

7  the time applicable, judgment by default may be rendered against you for the relief demanded in

8  the Complaint.

9       YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or

10  proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee,

11  within the time required, and you are required to serve a copy of any Answer or response upon

12  the Plaintiffs' attorney. ARCP 5, 10; A.R.S. § 12-311.

13       Requests for reasonable accommodation for persons with disabilities must be made to the

14  to the Court by parties at least three (3) working days in advance of a scheduled court proceeding.

15       Requests for an interpreter for persons with limited English proficiency must be made to

16  the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial

17  days in advance of a scheduled court proceeding. ARCP 45(g).

18       The names and address of Plaintiff's attorneys are:

19

20            Jeffrey L. Grayson
          GRAYSON LAW, PLLC
          PO Box 15

21            Chandler, AZ 85244

22  SIGNED AND SEALED THIS DATE   **JUN 25 2019**       **JEFF FINE, CLERK**

23

24             JEFF FINE
          CLERK OF COURT

25            By _____
          Deputy Clerk

26                   **B. Romero**
                 **Deputy Clerk**

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

METHOD OF SERVICE:
____ Private Process Service
____ Sheriff or Marshall
____ Personal Service
____ Registered/Certified Mail (out of state)

1 | **GRAYSON LAW, PLLC**
Jeffrey L. Grayson (No. 027470)
2 | P.O. Box 15
Chandler, Arizona 85244
3 | Telephone: (480)330-5734
Email: jeff@graysonlawaz.com
4 |
Attorneys for Plaintiff
5 |



**COPY**

JUN 2 5 2019

CLERK OF THE SUPERIOR COURT
B. ROMERO
DEPUTY CLERK

6 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7 | **IN AND FOR THE COUNTY OF MARICOPA**

8 | DWYN CARTER, individually,

Case No. **CV2019-094727**

9 | Plaintiff,

**COMPLAINT**

10 | v.

(Assigned to the Hon. _____ )

11 | THE HOME DEPOT U.S.A., INC. d/b/a THE
HOME DEPOT, a Foreign Corporation; JOHN
12 | DOES I-X; JANE DOES I-X; ABC
CORPORATIONS I-X, and XYZ
13 | PARTNERSHIPS I-X,

14 | Defendants.

16 | Plaintiff Dwyn Carter, for her cause of action against Defendants, alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

1. Plaintiff Dwyn Carter (hence forth "Dwyn" or "Ms. Carter" or "Plaintiff") is a single woman and was a resident of Maricopa County, Arizona at the time of the subject incident.

2. Upon information and belief, Defendant The Home Depot U.S.A., Inc. d/b/a The Home Depot (hence forth "Defendant Home Depot") was a foreign for-profit corporation, actively conducting business within the state of Arizona, county of Maricopa at the time of the incident that gives rise to this complaint.

3. John Does I-X, Jane Does I-X, their respective spouses, ABC Corporations I-X, and XYZ Partnerships I-X, are principals or agents of Defendants, and are either residents of

1  Maricopa County, Arizona, or are entities that are now, and were at all times hereinafter
2  mentioned, doing business in Maricopa County, Arizona. Furthermore, these defendants were
3  acting within the course and scope of their employment or agency with Defendant Home Depot at
4  all times relevant to the events that give rise to this complaint. The names of these defendants are
5  fictitious.  Plaintiff does not know the true names of these defendants, but upon receipt of such
6  information, Plaintiff will request leave of court to amend this complaint accordingly.

7  4.  The events that give rise to this action occurred in the state of Arizona, county of
8  Maricopa. Also, upon information and belief, all parties relevant to this matter were residents of
9  the state of Arizona, county of Maricopa or actively engaged in conducting business in the state
10  of Arizona, county of Maricopa, therefore jurisdiction and venue are proper.

11  5.  The amount in controversy exceeds the Court's minimum jurisdictional amount.

12  6.  Pursuant to Rule 8 of the Arizona Rules of Civil Procedure, the characteristics of
13  this case, the relative complexity of the anticipated discovery, and the nature of the evidence
14  needed to support Plaintiff's claims are of such a nature as to qualify this matter for Tier Two as
15  defined in Rule 26.2(b)(2).

16
17
**GENERAL ALLEGATIONS**

18  7.  On or about the 25th day of September 2019, Plaintiff set out to run errands, which
19  included a stop at Defendant Home Depot's retail store number 6948 located at 35050 N. North
20  Valley Parkway, Phoenix, Maricopa County, Arizona.

21  8.  Upon information and belief, the premises located at 35050 N. North Valley
22  Parkway, Phoenix, Maricopa County, Arizona was owned and/or controlled by Defendant Home
23  Depot at all times relevant to this complaint.

24  9.  As the Plaintiff was walking through the aisles of Defendant Home Depot's retail
25  store, she encountered a slick, oily substance on the polished concrete floor in the cabinet aisle.

26  10.  Prior to encountering the slick, oily condition on the polished concrete floor, the

- 2 -

1    Plaintiff did not receive any warning of a hazard or dangerous condition she might encounter as
2    she walked through the cabinet aisle of Defendant Home Depot's retail store.

3        11.    As Plaintiff stepped on to the slick, oily substance on the surface of the polished
4    concrete floor, her foot slid out from under her and she fell to the ground.

5        12.    Plaintiff suffered significant injuries as a result of the slip-and-fall incident at the
6    Defendant's retail store. The injuries suffered by Plaintiff resulted in significant pain and
7    suffering as well as costly medical care and other general and specific damages.

8

9                              **COUNT ONE**
                          **(Negligence/Premises Liability)**
10                            **(Defendant Home Depot)**

11       13.    Plaintiff Carter re-alleges and incorporates paragraphs 1 – 12 above as if fully set
12   forth herein.

13       14.    Defendant Home Depot owed a duty to Plaintiff and all other customers and
14   visitors to their retail store to use reasonable care to warn of, or safeguard from unreasonably
15   dangerous conditions of which they had notice.

16       15.    When she entered Defendant Home Depot's retail store, Plaintiff was a business
17   invitee to Defendant Home Depot.

18       16.    The slick, oily condition of the polished concrete floor located in the cabinet aisle
19   of Defendant Home Depot's retail store was an unreasonably dangerous condition.

20       17.    Upon information and belief, Defendant Home Depot created the unreasonably
21   dangerous condition, or knew of the existence of the unreasonably dangerous condition, or should
22   have known of the existence of the unreasonably dangerous condition because it had existed for a
23   significant period of time prior to the Plaintiff's fall.

24       18.    Defendant Home Depot failed to warn Plaintiff of the unreasonably dangerous
25   condition.

26       19.    Defendant Home Depot failed to safeguard Plaintiff from the unreasonably

                                    - 3 -

1    dangerous condition.

2        20.   Defendant Home Depot had notice of the unreasonably dangerous condition and
3    failed to use reasonable care to prevent harm under the circumstances. Accordingly, Defendant
4    Home Depot was negligent.

5        21.   As a direct and proximate cause of Defendant Home Depot's negligence, Plaintiff
6    sustained significant injuries and incurred substantial damages.

7

8    **DAMAGES**

9        22.   Plaintiff Carter re-alleges and incorporates paragraphs 1 – 21 above as if fully set
10   forth herein.

11       23.   As a direct and proximate cause of the tortious acts or omissions of the
12   Defendants, Plaintiff sustained personal injuries in the form of pain, discomfort, suffering,
13   disability, disfigurement and anxiety, and will experience such personal injury in the future.

14       24.   As a further direct and proximate cause of the tortious acts or omissions of the
15   Defendants, Plaintiff incurred, and will continue to incur in the future, reasonable expenses for
16   necessary medical care, treatment and services.

17       25.   As a further direct and proximate cause of the tortious acts or omissions of the
18   Defendants, Plaintiff has lost earnings and sustained a decrease in future earning power or
19   capacity.

20       26.   As a further direct and proximate cause of the tortious acts or omissions of the
21   Defendants, Plaintiff has lost the enjoyment of life, that is, the participation in life's activities to
22   the quality and extent normally enjoyed before the injury.

23       27.   As a further direct and proximate cause of the tortious acts or omissions of the
24   Defendants, Plaintiff sustained general damages in excess of the minimum jurisdictional limits of
25   this court.

26

- 4 -

1

## DEMAND FOR JUDGMENT

2    WHEREFORE, Plaintiff Carter demands a judgment against the Defendants for the

3    following:

4    1.    Compensatory damages in an amount to be proven at trial with interest on that

5    amount at the legal rate from the date of judgment.

6    2.    General damages in an amount to be proven at trial with interest on that amount at

7    the legal rate from the date of judgment;

8    3.    Special damages in an amount to be proven at trial with interest on that amount at

9    the legal rate from the date of judgment;

10    4.    Taxable costs of the lawsuit incurred; and

11    5.    Such other and further relief as the court deems just and proper under the

12    circumstances.

13

14    DATED this 25th day of June, 2019.

15                        GRAYSON LAW, PLLC

16

17    By: _____

18    Jeffrey L. Grayson, Esq.

19

20

21

22

23

24

25

26



**COPY**

JUN 2 5 2019

CLERK OF THE SUPERIOR COURT
B. ROMERO
DEPUTY CLERK

1  **GRAYSON LAW, PLLC**
   Jeffrey L. Grayson (No. 027470)
2  P.O. Box 15
   Chandler, Arizona 85244
3  Telephone: (480)330-5734
   Email: jeff@graysonlawaz.com
4
   Attorneys for Plaintiff
5

6       IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7          IN AND FOR THE COUNTY OF MARICOPA

8  DWYN CARTER, individually,                  Case No.  **CV2019-094727**

9              Plaintiff,                       **CERTIFICATE OF COMPULSORY
                                                ARBITRATION**
10             v.
                                                (Assigned to the Hon. _____)
11 THE HOME DEPOT U.S.A., INC. d/b/a THE
   HOME DEPOT, a Foreign Corporation; JOHN
12 DOES I-X; JANE DOES I-X; ABC
   CORPORATIONS I-X, and XYZ
13 PARTNERSHIPS I-X,

14             Defendants.

15
        The undersigned certifies that he knows the dollar limits and any other limitations set
16
   forth by the local rules of practice for this court, and further certifies that this case **IS NOT**
17
   subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of
18
   Civil Procedure.
19
        DATED this 25ᵗʰ day of June, 2019.
20

21                                             **GRAYSON LAW, PLLC**

22                                             By: _____
                                                   Jeffrey L. Grayson, Esq.
23

24

25

26

COPY

JUN 2 5 2019

CLERK OF THE SUPERIOR COURT
B. ROMERO
DEPUTY CLERK

1    **GRAYSON LAW, PLLC**
     Jeffrey L. Grayson (No. 027470)
2    P.O. Box 15
     Chandler, Arizona 85244
3    Telephone: (480)330-5734
     Email: jeff@graysonlawaz.com
4
     Attorneys for Plaintiff
5

6              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7              **IN AND FOR THE COUNTY OF MARICOPA**

8    DWYN CARTER, individually,               Case No. **CV2019-094727**

9              Plaintiff,                       **DEMAND FOR JURY TRIAL**

10             v.                               (Assigned to the Hon. _____)

11   THE HOME DEPOT U.S.A., INC. d/b/a THE
     HOME DEPOT, a Foreign Corporation; JOHN
12   DOES I-X; JANE DOES I-X; ABC
     CORPORATIONS I-X, and XYZ
13   PARTNERSHIPS I-X,

14             Defendants.

15        Pursuant to Rule 38(f), Arizona Rules of Civil Procedure, Plaintiff hereby demands a trial

16   by jury on all triable matters in this case.

17

18        DATED this 25ᵗʰ day of June, 2019.

19                                              **GRAYSON LAW, PLLC**

20

21                                        By: _____
                                              Jeffrey L. Grayson, Esq.
22

23

24

25

26

Clerk of the Superior Court
*** Electronically Filed ***
K. Vega, Deputy
7/11/2019 7:45:00 AM
Filing ID 10645769

1  Jefferson T. Collins, Bar #016428
   JONES, SKELTON & HOCHULI, P.L.C.
2  40 North Central Avenue, Suite 2700
   Phoenix, Arizona  85004
3  Telephone:  (602) 263-7346
   Fax:  (602) 200-7825
4  jcollins@jshfirm.com
   minuteentries@jshfirm.com
5
   Attorneys for Defendant The Home Depot
6  U.S.A., Inc.

7

8                  **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                          **COUNTY OF MARICOPA**

10  DWYN CARTER, individually,                NO. CV2019-094727

11                                Plaintiff,   **DEFENDANT'S ANSWER TO
                                               PLAINTIFF'S COMPLAINT**
12          v.
                                               (Assigned to the Honorable David Palmer)
13  THE HOME DEPOT U.S.A., INC. d/b/a THE
    HOME DEPOT, a Foreign Corporation; JOHN
14  DOES I-X; JANE DOES I-X; ABC
    CORPORATIONS I-X; and XYZ
15  PARTNERSHIPS I-X,

16                               Defendants.

17

18          Defendant The Home Depot U.S.A., Inc. ("Answering Defendant"), by and

19  through undersigned counsel, and for its Answer to Plaintiff's Complaint, admits, denies and

20  alleges as follows:

21                      **JURISDICTION, VENUE, AND PARTIES**

22          1.     This Answering Defendant is without sufficient information to form a

23  belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and,

24  therefore, cannot admit or deny at this time.

25          2.     In response to paragraph 2 of Plaintiff's Complaint, this Answering

    Defendant admits that The Home Depot U.S.A., Inc. is a Delaware corporation conducting

7728724.1

1    business within the State of Arizona, County of Maricopa, at the time of Plaintiff's alleged

2    incident.  This Answering Defendant does not admit that the incident occurred as alleged in the

3    Complaint.

4         3.      No affirmative response is required to paragraph 3 of Plaintiff's Complaint

5    but, to the extent an affirmative response is required, this Answering Defendant denies same.

6         4.      In response to paragraph 4 of Plaintiff's Complaint, this Answering

7    Defendant admits jurisdiction and venue.  This Answering Defendant does not admit that the

8    "events that give rise to this action" occurred as alleged in the Complaint, and that is denied.

9         5.      This Answering Defendant admits the allegations contained in paragraph 5

10   of Plaintiff's Complaint.

11        6.      This Answering Defendant admits the allegations contained in paragraph 6

12   of Plaintiff's Complaint.

13                          **GENERAL ALLEGATIONS**

14        7.      In response to paragraph 7 of Plaintiff's Complaint, this Answering

15   Defendant admits that the Plaintiff was at the Home Depot located at 35050 N. Valley Parkway

16   in Phoenix, Arizona on September 25, 2019.

17        8.      This Answering Defendant admits the allegations contained in paragraph 8

18   of Plaintiff's Complaint.

19        9.      In response to paragraph 9 of Plaintiff's Complaint, this Answering

20   Defendant admits that Plaintiff was involved in an accident at the subject Home Depot on

21   September 25, 2019.  This Answering Defendant denies the remaining allegations contained in

22   paragraph 9 of Plaintiff's Complaint.

23        10.     In response to paragraph 10 of Plaintiff's Complaint, this Answering

24   Defendant denies that there was a hazard or dangerous condition on the ground as she walked

25   through the cabinet aisle of the subject Home Depot.  This Answering Defendant denies the

26   remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

7728724.1                                              2

1        11.    This Answering Defendant denies the allegations contained in paragraph 11

2    of Plaintiff's Complaint.

3        12.    This Answering Defendant denies the allegations contained in paragraph 12

4    of Plaintiff's Complaint.

## COUNT ONE
### (Negligence/Premises Liability)
### (Defendant Home Depot)

7        13.    In response to paragraph 13 of Plaintiff's Complaint, this Answering

8    Defendant hereby incorporates its responses to paragraphs 1 through 12, above.

9        14.    In response to paragraph 14 of Plaintiff's Complaint, this Answering

10    Defendant admits that is the common law legal duty a premises owner owes to a business

11    invitee.

12        15.    This Answering Defendant admits the allegations contained in paragraph

13    15 of Plaintiff's Complaint.

14        16.    In response to paragraph 16 of Plaintiff's Complaint, this Answering

15    Defendant denies that there was a "slick, oily condition on the polished concrete floor" which

16    caused Plaintiff's accident.   This Answering Defendant denies the remaining allegations

17    contained in paragraph 16 of Plaintiff's Complaint.

18        17.    This Answering Defendant denies the allegations contained in paragraph 17

19    of Plaintiff's Complaint.

20        18.    In response to paragraph 18 of Plaintiff's Complaint, this Answering

21    Defendant denies there was an unreasonably dangerous condition on the floor which caused

22    Plaintiff's accident.  This Answering Defendant denies the remaining allegations in paragraph

23    18 of Plaintiff's Complaint.

24        19.    In response to paragraph 19 of Plaintiff's Complaint, this Answering

25    Defendant denies there was an unreasonably dangerous condition on the floor which caused

26

1  Plaintiff's accident.  This Answering Defendant denies the remaining allegations in paragraph
2  19 of Plaintiff's Complaint.

3        20.    In response to paragraph 20 of Plaintiff's Complaint, this Answering
4  Defendant denies that there was an unreasonably dangerous condition on the floor which caused
5  Plaintiff's accident.  This Answering Defendant further denies it had notice of any unreasonably
6  dangerous condition which allegedly caused Plaintiff's accident, and denies it was negligent.

7        21.    This Answering Defendant denies the allegations contained in paragraph 21
8  of Plaintiff's Complaint.

9  **DAMAGES**

10        22.    In response to paragraph 22 of Plaintiff's Complaint, this Answering
11  Defendant hereby incorporates its responses to paragraphs 1 through 22, above.

12        23.    This Answering Defendant denies the allegations contained in paragraph 23
13  of Plaintiff's Complaint.

14        24.    This Answering Defendant denies the allegations contained in paragraph 24
15  of Plaintiff's Complaint.

16        25.    This Answering Defendant denies the allegations contained in paragraph 25
17  of Plaintiff's Complaint.

18        26.    This Answering Defendant denies the allegations contained in paragraph 26
19  of Plaintiff's Complaint.

20        27.    This Answering Defendant denies the allegations contained in paragraph 27
21  of Plaintiff's Complaint.

22  **AFFIRMATIVE DEFENSES**

23      Defendant asserts the following affirmative defenses:

24        28.    As and for a separate defense and in the alternative, this Answering
25  Defendant alleges that the Complaint fails to state a claim upon which relief may be granted
26  against this Answering Defendant.

7728724.1                                                                          4

29.     As and for a separate defense and in the alternative, this Answering Defendant alleges that Plaintiff was contributorily negligent and/or that any injuries received by Plaintiff were the result of an intervening/superseding cause or through the negligence of someone other than this Answering Defendant, all of which bars recovery to Plaintiff herein from this Answering Defendant.

30.     As and for a separate defense and in the alternative, this Answering Defendant alleges that Plaintiff was negligent in whole or in part thereby reducing or eliminating any damage owing by this Answering Defendant by way of the doctrine of comparative negligence.

31.     As and for a separate defense and in the alternative, if indeed this Answering Defendant is determined to be liable for the allegations alleged in the Complaint, this Answering Defendant is entitled to contribution from other defendants named and unnamed by way of the doctrine of contribution.

32.     Although this Answering Defendant does not presently have specific facts in support of the remaining defenses, it wishes to put counsel for Plaintiff upon notice that it hereby raises the following defenses which, through subsequent discovery, may indeed be supported by the facts: assumption of risk, statute of limitations, insufficiency of process and insufficiency of service of process and failure to mitigate damages.

33.     As and for a separate defense, and in the alternative, this Answering Defendant alleges that it did not have notice of the allegedly dangerous condition as set forth in Plaintiff's Complaint, thereby reducing or eliminating any assessment of fault against this Answering Defendant.  In the alternative, this Answering Defendant affirmatively alleges that the accident was not the result of an unreasonably dangerous condition.

34.     As and for a separate defense, this Answering Defendant asserts that Plaintiff failed to mitigate said damages in Plaintiff's Complaint.

7728724.1

5

1         WHEREFORE, having fully answered the Complaint, this Answering Defendant

2 requests that judgment be entered in its favor

3                 1.     Dismissing the Complaint;

4                 2.     Awarding this Answering Defendant its taxable costs; and

5                 3.     Awarding this Answering Defendant such other and further relief as

6 this Court deems just and proper.

7         DATED this _____ day of July 2019.

8                     JONES, SKELTON & HOCHULI, P.L.C.

9

10                     By /s/ Jefferson T. Collins

11                        Jefferson T. Collins
                       40 North Central Avenue, Suite 2700

12                        Phoenix, Arizona  85004
                       Attorneys for Defendant The Home Depot U.S.A.,

13                        Inc.

14 ORIGINAL of the foregoing electronically filed
this 11th day of July 2019.

15

16 COPY of the foregoing mailed/e-mailed
this 11th day of July 2019, to:

17 Jeffrey L. Grayson
GRAYSON LAW, PLLC

18 P.O. Box 15
Chandler, AZ  85244

19 Attorneys for Plaintiff

20 /s/ Kathy Kleinschmidt

21

22

23

24

25

26

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
7/11/2019 7:47:00 AM
Filing ID 10645766

1  Jefferson T. Collins, Bar #016428
   JONES, SKELTON & HOCHULI, P.L.C.
2  40 North Central Avenue, Suite 2700
   Phoenix, Arizona 85004
3  Telephone: (602) 263-7346
   Fax: (602) 200-7825
4  jcollins@jshfirm.com
   minuteentries@jshfirm.com
5
   Attorneys for Defendant The Home Depot
6  U.S.A., Inc.

7
                **SUPERIOR COURT OF THE STATE OF ARIZONA**
8
                        **COUNTY OF MARICOPA**
9

10 DWYN CARTER, individually,                  | NO. CV2019-094727

11                              Plaintiff,      | **DEFENDANT'S CERTIFICATE
                                                | REGARDING COMPULSORY
12         v.                                   | ARBITRATION**

13 THE HOME DEPOT U.S.A., INC. d/b/a THE        | (Assigned to the Honorable David Palmer)
   HOME DEPOT, a Foreign Corporation; JOHN
14 DOES I-X; JANE DOES I-X; ABC
   CORPORATIONS I-X; and XYZ
15 PARTNERSHIPS I-X,

16                              Defendants.

17        Defendant hereby certifies that it agrees with Plaintiff that this matter is not

18 subject Compulsory Arbitration.

19        DATED this 11th day of July 2019.

20                                JONES, SKELTON & HOCHULI, P.L.C.

21

22                                By /s/ Jefferson T. Collins
23                                   Jefferson T. Collins
                                     40 North Central Avenue, Suite 2700
24                                   Phoenix, Arizona 85004
                                     Attorneys for Defendant The Home Depot U.S.A.,
25                                   Inc.

7728780.1

1    ORIGINAL of the foregoing electronically filed
     this 11th day of July 2019.

2
     COPY of the foregoing mailed/e-mailed
3    this 11th day of July 2019, to:

4    Jeffrey L. Grayson
     GRAYSON LAW, PLLC
5    P.O. Box 15
     Chandler, AZ 85244
6    Attorneys for Plaintiff

7    /s/ Kathy Kleinschmidt

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7728780.1                                2